IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN MATTE | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-198 |
| WARDEN, LYNAUGH UNIT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner John Matte, a prisoner currently confined at the Lynaugh Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner pleaded guilty in the Eastern District of Texas to possession with intent to distribute methamphetamine. On January 6, 2018, Petitioner was sentenced to 95 months of imprisonment. The sentence was ordered to run consecutively to a previously-imposed term of imprisonment imposed in case number 09-07779 in Jefferson County, Texas. After sentencing, Petitioner was returned to state custody to continue serving his state sentence. On May 28, 2019, Petitioner was found guilty of forgery in Jefferson County, and he was sentenced to an additional eight years of imprisonment. Petitioner states that the state court ordered the second state sentence to run concurrently with Petitioner's federal sentence.

On January 5, 2022, Petitioner's first state sentence expired, and he is now in state custody serving his second state sentence. Petitioner filed this habeas petition requesting to be taken into federal custody so that he may begin serving his federal sentence, or to be given credit toward his federal sentence for the time he spends in state custody serving his second state sentence.

Under 18 U.S.C. § 3585(b), a defendant convicted of a federal crime is entitled to credit for certain time spent in official detention prior to the date the sentence begins. The district court is not authorized to compute the credit at sentencing. *United States v. Wilson*, 503 U.S. 329, 334 (1992). Instead, the Attorney General computes the amount of credit after taking custody of the defendant. *Id.* at 332. The defendant may then seek judicial review of the Attorney General's computation after exhausting administrative remedies. *Id.* at 335.

Petitioner's request for credit towards his federal sentence for time spent in state custody is premature because he is not in federal custody at this time. After his federal conviction, he was returned to state custody. Until Petitioner is taken into federal custody, his claim regarding the computation of credit towards his federal sentence is not cognizable in a petition for writ of habeas corpus. The Attorney General will calculate the credit after Petitioner is received into federal custody. If Petitioner is dissatisfied with the Attorney General's calculation, he may file a petition for writ of habeas corpus in the court with jurisdiction over his custodian after exhausting administrative remedies.

<u>Recommendation</u>

This petition for writ of habeas corpus should be dismissed without prejudice.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 18th day of October, 2022.

_____
Zack Hawthorn
United States Magistrate Judge